EX PARTE LUCAS.

Opinion delivered November 26, 1923.

STATUTES—UNCERTAINTY.—Special Acts 1923, p. 210, requiring the county superintendent of schools for Woodruff County to maintain his office and headquarters in the townsite required for the meetings of quorum courts, which was designated as "the townsite of judicial court sitting most centrally situated in such counties," was void for uncertainty, as the phrase quoted may have referred to the geographical center, to the center of population, or to the most convenient or accessible place.

Certiorari to Woodruff Chancery Court; *A. L. Hutchins*, Chancellor; writ granted.

*Harry M. Woods, J. F. Summers*, for petitioner.

The act is void because of uncertainty. The expression "centrally situated" may refer to geographical

center or center of population, or the place most centrally situated with reference to the residence of the members of the quorum courts, which last may vary from year to year, because of change of residence by some of the justices. The meeting place of the quorum courts cannot be left to uncertainties. The act, being vague and uncertain, is void. 122 Ark. 491; 130 Ark. 70; 45 Ark. 164.

*J. S. Utley,* Attorney General, *Roy D. Campbell,* respondent.

Courts will take judicial knowledge of the location of towns, counties and the like, and a glance at the map of Woodruff County will disclose that the county seat at McCrory is the one most centrally located in that county. Situated or located are words used interchangeably. 103 N. W. 756; 96 N. Y. Supp. 840. "Situated" means the place where the business is transacted or the offense committed. 20 Barb. 68; 106 N. W. 1037; 73 N. W. 585; 126 Ga. 504. A slight inaccuracy in the description of a thing by the Legislature, or in the title of an act, will not render it void, where it can be determined what was meant or intended. 36 Kan. 34.

McCULLOCH, C. J. The General Assembly, at the regular session of 1923, enacted a statute creating an additional court district in Woodruff County, to be designated as Central District, and provided for the holding of court at the town of McCrory. Special Acts 1923, p. 210. At the extraordinary session which convened on September 24, 1923, a statute was enacted, purporting to be general in its terms, a section of which reads as follows: "That hereafter all quorum courts in counties of the State of Arkansas having more than two judicial districts shall meet and hold its [their] meetings, both regular and call, in the townsite of judicial court sitting most centrally situated in such counties." Another section of the statute provides that the superintendent of public instruction in such counties "shall maintain his

office and headquarters in such townsite as this act requires for the meeting of the quorum courts." Another section provides a penalty for any public official or other person violating the terms of this statute.

Petitioner is county superintendent of Woodruff County, and failed or refused to remove his office from Augusta, the county seat, to McCrory, and he was arrested and tried before a justice of the peace on the charge of having violated the statute referred to, and, after being fined, he took the case before the chancellor on habeas corpus, on the ground that the judgment of conviction is void on its face because the statute is void. The petitioner was denied a discharge from the effects of the judgment, and has brought the record here on certiorari.

The contention of counsel for petitioner is that the statute is void for the reason, among other things, that the designation of the place of holding the quorum court is too indefinite. We are of the opinion that this contention is sound. The phrase, "in the townsite of judicial court sitting most centrally situated in such counties," is too vague as a legislative provision fixing the place of holding court. Counsel for respondent assume that the words, "centrally situated," refers to geographical center, and that courts take judicial knowledge of the fact that McCrory is nearer the geographical center of Woodruff County than either Augusta, the county seat, or Cotton Plant, the place of holding the courts in the other district. The language does not necessarily refer, however, to geographical center. The design of the statute was to provide for the most convenient place for the holding of the court, and the term may have had reference to the center of population, or the most convenient or accessible place. There should be no uncertainty as to a provision of law with reference to the place of holding courts, which are proceedings of a public nature, and every person is entitled to definitely know where a court is to be held. We sustain this contention of the peti-

tioner, but expressly refrain from passing on either of the other grounds of attack upon the validity of the statute.

The decree denying the prayer of the petition for habeas corpus is reversed, and judgment will be entered here quashing the judgment of conviction and ordering petitioner's discharge from custody.